UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Bethea, | ) | C/A No. 4:12-3577-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Chesterfield Marlboro EOC Counsel; South | ) | |
| Carolina Department of Social Services; U.S. | ) | |
| Department of Agriculture, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

David Bethea ("Plaintiff"), proceeding *pro se*, brings this civil action apparently pursuant to 42 U.S.C. § 1983 and the Freedom of Information Act ("FOIA").[1]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint should be dismissed for failure to state a claim on which relief may be granted and immunity.

Background

Plaintiff alleges that the "Chesterfield Marlboro EOC Counsel" discriminated against him by denying his request to file for assistance with the agency.  ECF No. 1 at 4.  He attached to the Complaint a notice of right to sue letter addressed to him from the South Carolina Human Affairs Commission related to Plaintiff's charge against Chesterfield-Marlboro EOC.[2]  ECF No. 1-1 at 2. This notice of right to sue letter explains that Plaintiff has the right to sue the respondent in Circuit

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] In this action, Plaintiff does not allege that he was employed by the Chesterfield-Marlboro EOC.

Court and to contact a SHAC representative, if needed, to determine which Circuit Court has jurisdiction over the case. *Id.*

Plaintiff alleges the Human Affairs Commission failed to respond to a FOIA request. ECF No. 1 at 4. He attached to the Complaint a letter addressed to him from the South Carolina Human Affairs Commission wherein the Commission discusses a request by Plaintiff for documents and the South Carolina Freedom of Information Act. ECF No. 1-1 at 1.

Plaintiff alleges the "Marlboro DSS" denied his right to review his files. ECF No. 1 at 4.

Lastly, Plaintiff alleges the "USDA failed to encloud an amendment complain filed by me." *Id.* Because Plaintiff's allegation against the USDA was unclear, the undersigned propounded special court interrogatories to Plaintiff. ECF No. 10. The court asked Plaintiff to explain what that language means, and he responded— failed to make a final decision; failed to respond to a FOIA request; and failed to amend a complaint to review his files with the Department of Social Services. ECF No. 14 at 2.

In the special court interrogatories, this court also requested Plaintiff to clarify whom he intends to name as defendants in this action. He responded that the Chesterfield Marlboro EOC Counsel is the Chesterfield Marlboro Economic Opportunity Council and he also intends to sue the South Carolina Department of Social Services and the U.S. Department of Agriculture. ECF No. 14 at 1–2.

For his relief, Plaintiff seeks damages and compliance, liberally construed, with FOIA requests. ECF No. 1 at 5.

<u>*Pro Se* and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B).  A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d

3

1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This Complaint appears to be filed, in part, pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A plaintiff fails to state a cognizable § 1983 claim against a defendant if it did not act under color of law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). Although Plaintiff does not explain the background or status of the Chesterfield Marlboro Economic Opportunity Council, it appears that it is a 501(c)(3) corporation which receives grants and donations to run programs to fight poverty and improve access to resources for poor community members. *See* Chesterfield Marlboro

4

Economic Opportunity Council, http://cmeoc.org/about.aspx (last visited March 12, 2013).  Plaintiff

seems to allege that the Chesterfield Marlboro Economic Opportunity Council discriminated against

him by refusing to permit him to file for assistance with it.  He does not allege that it is a state actor

or any factual allegations that would demonstrate its conduct is fairly attributable to the state.

Therefore, Plaintiff fails to state a cognizable § 1983 claim against the Chesterfield Marlboro

Economic Opportunity Council.[3]

        Plaintiff's claim against the South Carolina Department of Social Services seeking damages

is barred in this court because of Eleventh Amendment immunity.  "[W]e have understood the

Eleventh Amendment to confirm the structural understanding that States entered the Union with their

sovereign immunity intact...." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632,

1637-38 (2011).  "A State may waive its sovereign immunity at its pleasure, and in some

circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid

abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations

omitted).  The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  *Id.*,

1637 n.1.  The Supreme Court has construed the Eleventh Amendment "'to establish that an

unconsenting State is immune from suits brought in federal courts by her own citizens as well as by

citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3 244, 248 (4th

Cir. 2012) (citation omitted).  A state must expressly consent to suit in a federal district court, which

---

        [3] Moreover, the notice of right to sue letter addressed to Plaintiff from the South Carolina
Human Affairs Commission related to Plaintiff's charge against Chesterfield-Marlboro EOC
provides that he may sue the respondent in Circuit Court, which is a state court.

South Carolina has not done.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).  Because the South Carolina Department of Social Services is an arm of South Carolina, it also has Eleventh Amendment immunity from being sued in federal court.  *See Coffin v. S.C. Dep't Soc. Serv.*, 562 F. Supp. 579, 584 (D.S.C. 1983).  Thus, it should be dismissed.

If Plaintiff's claim against the South Carolina Department of Social Services is liberally construed as a FOIA claim, he still fails to state a cognizable claim in this court.  The federal FOIA is applicable to agencies or departments of the government of the United States, and it is not applicable to agencies or departments of a state.  *See* 5 U.S.C. § 551(1); *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies").[4]

As to Plaintiff's claim against the U.S. Department of Agriculture, liberally construed, Plaintiff alleges that it failed to respond to a FOIA request such that he brings a federal FOIA claim against it.  This court has subject matter jurisdiction over claims brought pursuant to FOIA.  *See Am. Mgmt. Serv., LLC v. Dep't of the Army*, 703 F.3d 724, 728–29 (4th Cir. 2013).  However, Plaintiff's allegations are so sparse and vague that he fails to state a plausible claim on which relief may be

---

[4]If Plaintiff seeks to assert a claim pursuant to the South Carolina Freedom of Information Act, he should file it in state court.  *See* S.C. Code Ann. § 30-4-100 (1976).

granted.  Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  Here, other than the bald statement the USDA failed to respond to his FOIA request, the Complaint contains no factual allegations whatsoever such as the date of the request or the subject matter.  Therefore, Plaintiff fails to state a claim on which relief may be granted, and the USDA should be dismissed.

<u>Recommendation</u>

It is recommended that the District Court dismiss this action *without prejudice.  See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**


 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge


March  28, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).