UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Bethea, | ) | C/A No.4:12-3577-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Chesterfield Marlboro EOC Counsel; | ) | |
| South Carolina Department of Social | ) | |
| Services; U.S. Department of | ) | |
| Agriculture, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff David Bethea, proceeding *pro se*, brought this action apparently pursuant to 42 U.S.C. § 1983 and the Freedom of Information Act ("FOIA").

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge issued a Report and Recommendation on March 28, 2013, in which he recommended that the complaint be dismissed without prejudice and without issuance and service of process as to all defendants.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

On April 8, 2013, the plaintiff filed objections to the Report and Recommendation.

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning, it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added). Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that, except as specified below, the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is mainly a request to the court not to dismiss his complaint. Moreover, the plaintiff's objections nowhere address the recommendations by the

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

2

Magistrate Judge that the Chesterfield Marlboro Economic Opportunity Council should be dismissed because the complaint fails to allege any state action as required by Section 1983; that the claim against the South Carolina Department of Social Services is barred in federal court because of Eleventh Amendment immunity; or that the federal FOIA does not apply to state agencies. (The court also lacks diversity jurisdiction over these defendants because these entities appear to be South Carolina entities, Plaintiff is a citizen of South Carolina, and the amount in controversy is less than $75,000.)

Plaintiff does appear to assert in his objections that his claim against the United States Department of Agriculture states a cause of action. He states that he filed a complaint which "was filed and investigated by the U.S. Department of Agriculture". He further states that the Department of Agriculture "failed to respond to a Freedom of Information Request." (Objections, ECF No. 24, p.2) He also attaches an e-mail from the Interim Director of Civil Rights for the Southeast Region of the USDA which references a complaint form. It thus appears that, with the additional information now provided, the complaint sufficiently states a claim under FOIA against the USDA and service is authorized against that agency.

**<u>Conclusion</u>**

After a review of the record before it, the court overrules the plaintiff's objections regarding Defendants Chesterfield Marlboro EOC Counsel and South Carolina Department of Social Services and adopts the Report and Recommendation of the Magistrate Judge regarding those defendants. The case is hereby dismissed without prejudice and without issuance and service of process as to Defendants Chesterfield Marlboro EOC Counsel and South Carolina Department of Social Services.

The Court finds that the plaintiff's complaint, construed liberally, states a claim under FOIA against the United States Department of Agriculture. The case is re-committed to the Magistrate Judge

3

for further proceedings in reference to the United States Department of Agriculture.

**IT IS SO ORDERED.**

                                                  s/R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

October 18, 2013
Florence, SC