UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID BETHEA, ) | Civil Action No.: 4:12-cv-3577-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings several claims against several Defendants. The district judge has dismissed all claims against Defendants Chesterfield Marlboro EOC Counsel and South Carolina Department of Social Services. See Order (Document # 26). The only claim remaining is Plaintiff's claim against the U.S. Department of Agriculture (USDA) for violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. This Report and Recommendation is filed for review by the district judge.

## II.    FACTS AND ALLEGATIONS

This action appears to arise out of Plaintiff's request for and denial of assistance through a food nutrition program, and his subsequent complaints about the denial of assistance to several agencies. The documents in the record reveal that Plaintiff submitted a Program Discrimination Complaint Form to the USDA on July 17, 2012, complaining that he was "denied appointment in retaliation for complaining about the nutrition and or voucher program." USDA Program Discrimination Complaint Form (Document # 24-1, pp. 13-15). On July 25, 2012, Jeffery Hinton,

the USDA's interim Director of Civil Rights for the Southeast Region, contacted Stephanie Williams with the South Carolina Department of Social Services' Office of Civil Rights, informing her of Plaintiff's complaint and inquiring as to the status of his case. Emails (Document # 24-1, pp. 6-7).

On November 26, 2012, Plaintiff made a FOIA request to the USDA Food and Nutrition Service (FNS). Plaintiff requested "a copy of record investigated and dicision [sic] by the civil rights office. Also a copy of the most resident [sic] and past compliance review on the respondent Chesterfield Marlboro EOC Counsel." The FNS FOIA office responded to the request on December 6, 2012, with thirty-three pages of documents. FOIA Response (Weatherly Decl. Ex. F). The FNS FOIA office noted that no information was being withheld. FOIA Response. Plaintiff filed the present action, alleging that the USDA failed to respond to his FOIA request.

### III.  PROCEDURAL HISTORY

The USDA filed a Motion for Summary Judgment (Document # 41) on Plaintiff's claim under FOIA, arguing that it had produced all the documents responsive to Plaintiff's FOIA request. However, the undersigned entered a Report and Recommendation (Document # 54) that the motion be denied for the USDA's failure to present an affidavit or declaration "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Ethyl Corp. v. United States Envtl. Prot. Agency, 25 F.3d 1241, 1247 (4th Cir.1994). The district judge accepted the recommendation, denied the motion, and referred the case back to the undersigned for a status conference with the parties. During the status conference, at which both parties were present, the undersigned allowed the USDA ten days to supplement the record with an appropriate declaration and allowed Plaintiff ten days thereafter to file a response. The USDA timely filed a declaration, and Plaintiff timely filed his response.

**IV.    DISCUSSION**

"FOIA provides that federal agencies shall 'upon any request for records which . . . reasonably describes such records . . . make the records promptly available to any person,' 5 U.S.C. § 552(a)(3)(A), unless a statutory exemption applies, see 5 U.S.C. § 552(b)." Casa de Maryland, Inc. v. United States Dep't of Homeland Sec., 409 F. App'x 697, 698 (4th Cir. 2011). As discussed more thoroughly in the Report and Recommendation, "FOIA cases are generally resolved on summary judgment once the documents at issue have been properly identified," Wickwire Gavin, P.C. v. United States Postal Serv., 356 F.3d 588, 591 (4th Cir. 2004), because there is rarely a factual dispute, only a legal dispute over how the law is to be applied to the documents withheld. See Schiffer v. F.B.I., 78 F.3d 1405, 1409 (9th Cir. 1996). Thus, "[s]ummary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under [the] FOIA . . . ." Miller v. United States Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985). Although the USDA argued that it fully discharged its duties by providing all documents responsive to Plaintiff's FOIA request, it failed to provide an affidavit or declaration attesting to that fact in support of its motion for summary judgment. See Ethyl Corp., 25 F.3d at 1247 (holding that a defendant in a FOIA case must present an affidavit or declaration "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched"); Wickwire Gavin, P.C. v. Defense Intelligence Agency, 330 F.Supp.2d 592, 596 (E.D.Va. 2004); Abdelfattah v. U.S. Dep't of Homeland Security, 488 F.3d 178, 183 (3rd Cir. 2007) (holding that the district court had no factual basis for its determination that the FBI's search for FOIA records was adequate since the FBI did not submit an affidavit describing its search); Papa v. U.S., 281 F.3d 1004, 1013 (9th Cir. 2002) (finding affidavit insufficient to meet agency's burden at summary judgment where affidavit stated that the requested documents had been

produced but did not detail methods used to search for documents); Perry v. Block, 684 F.2d 121 (C.A.D.C. 1982) (holding that, in the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of search for agency records will suffice to demonstrate FOIA compliance).

Following the status conference, the USDA submitted the declaration of Jennifer N. Weatherly, the FOIA Officer for the FNS, which is an agency of the USDA. Weatherly Decl. ¶ 1. She declares that on November 29, 2012, the FNS FOIA office received Plaintiff's FOIA request dated November 26, 2012, in which he requested "a copy of record investigated and dicision [sic] by the civil rights office. Also a copy of the most resident [sic] and past compliance review on the respondent Chesterfield Marlboro EOC Counsel." Weatherly Decl. ¶ 4 and Ex. A. That same day, the FNA FOIA office responded to Plaintiff, informing him that it had received the request and providing him with a tracking number and contact information. Weatherly Decl. ¶ 6 and Ex. C. The FNS FOIA office also sent the request to the Office of Civil Rights (OCR)[1], and Lisa Aispuro OCR Management Analyst and Jeff Hinton, Southeast Civil Rights Director, performed the search for responsive records. Weatherly Decl. ¶¶ 7, 9 and Ex. D. The search was conducted in the Program Complaints Management System (PCMS), which is an electronic database of all civil rights complaints received by USDA agencies. This system is owned and managed by USDA Office of Civil Rights (OASCR). Weatherly Decl. ¶ 10. Search terms that were used: Last name equal to Bethea; Last name starts with Beth; Last name like Bethea. Weatherly Decl. ¶ 11. On November 29, 2012 at 10:53 am, OCR informed the FOIA office that the second part of the request "copy of the most recent and past compliance review on the respondent Chesterfield Marlboro EOC Counsel"

---

[1]The Civil Rights Division's mission is to ensure compliance with applicable laws, regulations, and policies for FNS customers and to facilitate equal and timely access to FNS programs and services for all customers. Weatherly Decl. ¶ 8.

was not a program under FNS jurisdiction, and suggested that the records may be with the Department of Health and Human Services (HHS). Weatherly Decl. ¶ 12 and Ex. E. As to the remainder of Plaintiff's request, the FNS FOIA office provided Plaintiff with thirty-three pages of responsive documents on December 6, 2012. Weatherly Decl. Ex. F.

On May 4, 2015, FNS contacted HHS FOIA Service Center for possible responsive records before officially referring the request. The HHS FOIA Service Center referred us to their OCR. Weatherly Decl. ¶ 14 and Ex. G. On June 23, 2015, Sharon Brockett, Management Policy Specialist within OCR conducted a search using the complainant's name and the covered entity of an organization however; no responsive records were found. Since no responsive records were found, FNS did not officially refer the request. Weatherly Decl. ¶ 15 and Ex. H.

FNS conducted an additional search for the compliance review on Chesterfield Marlboro EOC Counsel within its Supplemental Food Programs Division (SFPD) under the Supplemental Nutrition and Safety Program (SNAS) at Headquarters and within the Southeast Regional Office (SERO). SFPD oversees the Senior Farmers' Market Nutrition Program (SFMNP). SFMNP awards grants to States, U.S. Territories, and federally recognized Indian tribal governments to provide low-income seniors with coupons that can be exchanged for eligible foods at farmers' markets, roadside stands, and community-supported agriculture programs. Weatherly Decl. ¶ 16. On July 14, 2015, Debra Whitford, Director of SFPD, instructed the FOIA office to contact the SERO as they would have the most information if it existed. Ms. Whitford did not have any records related to the issue. Weatherly Decl. ¶ 17 and Ex. I. On July 20, 2015, Sandra Benton-Davis, Branch Chief of Supplemental Nutrition Programs in SERO, conducted a search and retrieved all the 2012 Management Evaluations for South Carolina SFMNP. There was no compliance review found on Chesterfield Marlboro EOC Counsel. Weatherly Decl. ¶ 18 and Ex. J.

In his response, Plaintiff first argues that the Chesterfield-Marlboro Economic Opportunity Counsel (EOC) is not a state entity and, thus, should not have been dismissed from this case. He asks that the court reinstate Chesterfield-Marlboro EOC as a Defendant and order it to file an answer. This argument is not responsive to the declaration submitted by the USDA. Nevertheless, the district judge dismissed Chesterfield-Marlboro EOC as a defendant in this action precisely because it is not a state entity. Specifically, the court found that dismissal was appropriate because Plaintiff failed to allege that Chesterfield-Marlboro EOC was a state actor for purposes of 42 U.S.C. § 1983 or that its conduct was "fairly attributable to the state." See Filarsky v. Delia, 132 S.Ct. 1657, 1661 (2012).

Next, Plaintiff argues that because the USDA did not provide copies of the most recent and past compliance reviews on Chesterfield Marlboro EOC to Plaintiff pursuant to his FOIA request, the USDA failed to discharge its duty under FOIA. However, an agency does not discharge its duty under FOIA only by producing the requested documents. To discharge its obligations under FOIA "the agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Miller, 779 F.2d at 1382-83 (internal citations omitted). Furthermore, "an agency presented with a request for records under FOIA is required to produce only agency records, which are those that are either created or obtained by the agency and are subject to the control of the agency at the time the FOIA request is made." Ethyl Corp., 25 F.3d at 1247 (citing United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45, 109 S.Ct. 2841, 2847-48, 106 L.Ed.2d 112 (1989)).

After the FNS FOIA office forwarded Plaintiff's request to the OCR, the OCR informed Weatherly that the Chesterfield Marlboro EOC was not a program under FNS jurisdiction and that the records requested may be under the jurisdiction of HHS. Searches were conducted with the HHS and the SFPD as set forth more fully above, and neither agency found records of compliance reviews

for the Chesterfield Marlboro EOC. "In judging the adequacy of an agency search for documents the relevant question is not whether every single potentially responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents." Ethyl Corp., 25 F.3d at 1246 (internal citations omitted). "Once the agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith." Miller, 779 F.2d at 1383. In Plaintiff's response, he does not address the reasonableness of the searches conducted for his requested records. Therefore, his argument that the USDA has violated § 552(a)(3)(A) is without merit.

V.     **CONCLUSION**

In light of the additional factual information provided to the court, it is recommended that the previous report and recommendation (Document # 54) and order (Document # 58) denying the USDA's motion for summary judgment be vacated, the motion for summary judgment (Document # 41) be granted, and this case be dismissed in its entirety.

                                s/Thomas E. Rogers, III
                                Thomas E. Rogers, III
                                United States Magistrate Judge

October 28, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**