IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Bethea, ) | Civil Action No.: 4:12-cv-3577-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| U.S. Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

    Plaintiff David Bethea filed this action pro se against the United States Department of Agriculture for violation of the Freedom of Information Act (FOIA), 5 U.S.C. Section 552.[1] This matter is now before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends that the Court vacate the previous Report and Recommendation (ECF No. 54) and grant the defendant's [41] Motion for Summary Judgment.

    The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] Plaintiff's claims against the Chesterfield Marlboro EOC Counsel and South Carolina Department of Social Services were previously dismissed by Order of this Court dated October 18, 2013 (ECF No. 26).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

The plaintiff asserts in his objections to the R&R that the defendant's motion for summary judgment should be denied because "the agency has failed to turn over documents requested under FOIA"[2], those being compliance reviews of the Chesterfield Marlboro EOC Counsel and the decision from the U.S.D.A. (O.C.R.) Southeast Director. Plaintiff also requests that the Chesterfield Marlboro EOC Counsel be reinstated as a party.

The Court will first address the compliance review. The declaration of Jennifer N. Weatherly, the FOIA officer for the Food and Nutrition Service (FNS) (ECF No. 66-1) indicates that the plaintiff's FOIA request was sent to the Office of Civil Rights (OCR). She further indicates that the search for responsive records was conducted by an OCR Management Analyst and Jeff Hinton, the Southeast Regional Civil Rights Director. She also states that OCR informed the FOIA office that the Chesterfield Marlboro EOC Counsel was not a program under FNS jurisdiction and that OCR suggested that the records might be with the Department of Health and Human Services (HHS). The HHS FOIA Service Center referred her to its Office of Civil Rights (OCR). No responsive records were found. FNS then searched for a compliance review on Chesterfield Marlboro EOC Counsel "within our Supplemental Food Programs Division (SFPD) under the

---

[2] Plaintiff's FOIA request was for: "A copy of record investigated and dicision (sic) by the Civil Rights Office. Also a copy of the most resident (sic) and past compliance review on the respondent Chesterfield Marlboro EOC Counsel." (ECF No. 66-1, p. 5)

Supplemental Nutrition and Safety Program (SNAS) at Headquarters and within the Southeast Regional Office (SERO)" (ECF No. 66-1, p. 4) The director of SFPD then informed the FOIA office that she did not have any responsive records. She instructed the FOIA office to contact the SERO, but the Branch Chief of Supplemental Nutrition Programs in SERO did not find a compliance review on Chesterfield Marlboro EOC Counsel in its records. On the basis of the Weatherly declaration and reviewing the record in this case, the Court finds that the plaintiff has not produced any evidence that the defendant has not conducted a search reasonably calculated to find documents regarding a compliance review of the Chesterfield-Marlboro EOC. *See Ethyl Corp. v. United States Envtl. Prot. Agency*, 25 F.3d 1241 (4th Cir. 1994).

Plaintiff also asserts that the defendant did not provide him with the decision from the Southeast Director of the U.S.D.A. (OCR) on his civil rights complaint. However, the Weatherly declaration indicates that the plaintiff's FOIA request was sent to OCR and that the records search was performed by an OCR Management Analyst and Jeff Hinton, the Southeast Regional Civil Rights Director. The declaration further states that the FOIA office sent the plaintiff 33 pages that were responsive to the request, although it indicated that OCR did not have the compliance review. The documents that the FOIA office sent the plaintiff are attached to the declaration. Included in those documents is a letter to Plaintiff dated December 6, 2012 from the Food and Nutrition Service (FNS) of the U.S.D.A. enclosing "a copy of all records which are responsive to your request" and indicating that "[n]o information is being withheld and as such this is a full release of all records in response to your FOIA request." (ECF No. 66-1, p. 12). The Weatherly declaration indicates that the Food and Nutrition Service "searched and provided all documents in its possession to the Plaintiff." (ECF No. 66-1, p. 4)

In order to prevail on its motion for summary judgment, the agency must establish that it performed a proper search for documents responsive to plaintiff's requests. *Wickwire Gavin, P.C. v. Defense Intelligence* Agency, 330 F. Supp. 2d 592, 596 (E.D.Va. 2004). To meet this burden, the agency must present an affidavit or declaration that is reasonably detailed, "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Ethyl Corp. v. United States Envtl. Prot. Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994). As noted by the Magistrate Judge, the agency has shown through its filed declaration that its search for records was reasonable, specifying the search terms used, and Plaintiff has not shown that the search was not in fact performed in good faith. *Id.* at 1246. Therefore, the defendant's motion for summary judgment should be granted.[3]

Plaintiff also asserts in his objections that the Chesterfield Marlboro EOC Counsel should be reinstated as a party "for failure to file an answer". Obj. p. 1. However, this Court dismissed this party on the basis that the complaint fails to allege any state action as required by 42 U.S.C. Section 1983. Therefore, the Court denies the plaintiff's request to reinstate Chesterfield Marlboro EOC Counsel as a party.

For the reasons stated, it is

**ORDERED** that the Report and Recommendation is adopted and incorporated herein by reference; the previous report and recommendation (ECF No. 54) and order denying Defendant's

---

[3] "Clients who believe that they have experienced an unlawful discriminatory act of any provider of the Department (of Social Services) may address a signed, written complaint to any of the following: . . . USDA Food and Nutrition Services, Civil Rights Division. OCR will initially review any complaint it receives against a provider. Such a complaint will be addressed, as deemed appropriate, by the Program area or appropriate Division in coordination with OCR. Appropriate action will be taken." S.C. Code of Regulations R. 114-250. The Preliminary Inquiry Summary (ECF No. 66-1, pp. 41-42) indicates that a conference call was held between Stephanie Williams of the SC DSS Civil Rights office, Mr. Bethea, and Jeff Hinton of the USDA Civil Rights office discussing Mr. Bethea's concerns and that Mr. Bethea was told that, by special arrangement, he could pick up his voucher and a copy of his file. In an August 2012 telephone call, apparently between Mr. Hinton and Mr. Bethea, Bethea requested that DSS send him a letter confirming that he could pick up the file and voucher and "only at that time will he make a decision." Hinton and Bethea also discussed the fact that Bethea's request for fair hearing was pending at the time. The Summary also indicated that no specific request was being made for a remedy. The record further reflects that the benefits appeal was denied on the basis that Bethea was still receiving benefits. (ECF No. 66-1, pp. 39-40)

Motion for Summary Judgment (ECF No. 58) are vacated, and Defendant's Motion for Summary Judgment (ECF No. 41) is granted.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

January 12, 2016
Florence, South Carolina